(No. 76-CC-1621-

PORT AUTHORITY OF NEW YORK AND NEW JERSEY, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed July 1, 1982.*

HECKENKAMP AND FUITEN (DAVID L. DRAKE, of counsel), for Claimant.

WILLIAM J. SCOTT, Attorney General (WILLIAM E. WEBBER, Assistant Attorney General, of counsel), for Respondent.

ROE, C.J.

Claimant brought this claim under section 8(b) of the Court of Claims Act (Ill.Rev.Stat. 1977, ch. 37, par. 439.8(b)), alleging breach of a lease agreement. Both parties stipulated to the facts of the case, but only the Respondent filed a brief.

On July 1, 1971, the State of Illinois, Department of General Services, and the Claimant executed a written lease wherein the Department of Revenue, by and through the Department of General Services, would lease certain office space from the Claimant in the World Trade Center in New York City. The original lease under which the location was rented expired January 31, 1974. The basic rent during the period of this lease was $1,330.64 per month due in advance on the first day of each month. Following the expiration date of the lease, the Department of Revenue continued to occupy and pay rent on the above rented premises until May 3, 1974, upon which date it vacated the premises. Prior to May 15, 1974, Harry Bietch of the Department of General Services had corresponded with Claimant, indicating that the Department would vacate the premises on or about May 15, 1974. No rent for that month of May has been paid to date.

Claimant did not attach a copy of the lease to its complaint as required by the Civil Practice Act (Ill.Rev. Stat. 1977, ch. 110, par. 1 *et seq.*), and Respondent only attached a copy of the second page of the lease to the departmental report. Therefore the record is silent as to many potentially significant facts and issues. However, the stipulation of facts and issues was filed March 1, 1978, and Respondent's brief was filed a year and half later, and because the case has been pending inactive for so long we will apply the law and base our decision on the record as it stands without further delay.

According to the law in Illinois (neither side raised any issues as to choice of law), in the absence of an agreement to the contrary, the holding over of a tenant creates a periodic tenancy. Although Claimant did not make its position known to the Court, Respondent states in its brief that it was Claimant's position that the period was month to month.

It is Respondent's position that section 4(b) of the lease agreement varies the common law rule. It provides as follows:

"(b) If the commencement date of the letting under this Agreement is other than the first day of a month, the basic rental for the portion of the month during which the letting is effective shall be paid in advance and shall be the amount of the monthly installment prorated on a daily basis using the actual number of days in the month, and if the expiration or termination date of the letting is other than the last day of the month, the basic rental for the portion of the month during which the letting is effective shall be the amount of the monthly installment similarly prorated."

The commencement date of the letting under the agreement was the first day of the month. Therefore the first half of the clause quoted above is inapplicable. The original lease expired January 31, the last day of the month. The holding over created a month-to-month tenancy beginning on the first day of the month and ending on the last day of the month. In the absence of an agreement otherwise, periodic tenancies are terminated upon notice equal to the length of the period. There is no indication that the notice by Mr. Bietch was timely or any agreement to the contrary. Therefore the lease terminated or the term expired at the end of the month, in this case May, and the second half of the clause quoted above would also be inapplicable.

In conclusion, we find that nothing in the record before us gives reason to depart from the common law rule and Claimant is due rent for the month of May 1974.

It is hereby ordered that Claimant be, and hereby is, awarded the sum of $1,330.62.